### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-11548 |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., and | ) | |
| TEVA NEUROSCIENCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' MOTION FOR
### REASSIGNMENT PURSUANT TO LOCAL RULE 40.1

Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (collectively, "Teva"), by and through their undersigned counsel, respectfully move pursuant to Local Rules 40.1(g) and (i) for the above-captioned matter to be transferred for reassignment as related to an earlier filed action, *United States v. Regeneron Pharmaceuticals, Inc.*, No. 1:20-cv-11217 (Saylor, C.J), which involves a common party, Plaintiff United States of America, the same claims and defenses under the False Claims Act and Anti-Kickback Statute, and substantially similar factual and legal issues relating to patient assistance charitable contributions.  In support of this Motion, Teva states as follows:

#### Background

1. Within the span of just two months, the United States filed two complaints in this District against two pharmaceutical manufacturers alleging that they each caused the submission of false Medicare claims in violation of the False Claims Act, 31 U.S.C §§ 3729-33 ("FCA"), and various other laws, by knowingly paying third-party charitable foundations to cover Medicare co-pays purportedly in violation of the Federal Anti-Kickback Statute, 42 U.S.C.

§ 1320a-7b(b) ("AKS").  *See United States v. Regeneron Pharmaceuticals, Inc.*, No. 1:20-cv-11217, Compl. ¶¶ 91, 98; *United States v. Teva Pharmaceuticals USA, Inc. et al*, No. 1:20-cv-11578, Compl. ¶¶ 1-6.

2.      The United States' first-filed complaint against Regeneron Pharmaceuticals, Inc. ("Regeneron") was filed on June 24, 2020 ("*Regeneron* Compl.").

3.      The United States' complaint against Teva was filed on August 18, 2020 ("*Teva* Compl.").

4.      Plaintiff in both cases is the "United States, acting through the Department of Health and Human Services ('HHS'), [which] administers the Health Insurance Program for the Aged and Disabled established by Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, *et seq*. (Medicare)."  *Regeneron* Compl. ¶ 9; *Teva* Compl. ¶ 9.

5.      Despite significant overlap in the United States' general factual allegations and legal claims and theories, the United States did not mark the cases as related.  *Regeneron* was randomly assigned to the Honorable F. Dennis Saylor, IV and is currently pending before him. *Regeneron* Dkt. 6 (Electronic Notice of Reassignment).   Teva's case was randomly assigned to the Honorable Nathanial M. Gorton on August 18, 2020.  *Teva* Dkt. 4 (Electronic Notice of Case Assignment).

6.       The United States has represented to undersigned counsel that it will oppose this motion for reassignment.

**The United States' Overlapping Factual Allegations**

7.     Although the specific factual allegations, including the witness and drug-related allegations differ, the United States' allegations in the *Regeneron* and *Teva* complaints contain substantially the same general factual allegations.

8.     Both the *Regeneron* and the *Teva* complaints allege that Regeneron and Teva used third-party foundations as conduits to subsidize Medicare patients' co-pays for the companies' respective medications and cover Medicare patients' co-pays for those medications.  *See ,e.g.*, *Regeneron* Compl. ¶ 5; *Teva* Compl. ¶ 6.

9.     The United States alleges that Regeneron used the Chronic Disease Fund ("CDF") to subsidize co-pays of Regeneron's medication, Eylea, for the treatment of wet age-related macular degeneration ("wet AMD").  *Regeneron* Compl. ¶ 5.

10.     The United States alleges that Teva used the CDF and The Assistance Fund ("TAF") to subsidize co-pays of Teva's medication, Copaxone, for the treatment of multiple sclerosis ("MS").  *Teva* Compl. ¶ 6.

11.     The United States alleges in both cases that Regeneron and Teva used the third-party foundations not as charities, but as "pass through vehicles."  *Regeneron* Compl. ¶ 5 ("Regeneron's payments to CDF were not charity …"); *id.* ¶ 71 ("Regeneron knew that it should not use CDF as a pass-through vehicle …"); *Teva* Compl. ¶ 6 ("[B]oth CDF and TAF functioned not as charities for MS patients, but as pass-through vehicles for money from Teva to Copaxone patients.").

- 3 -

## The Legal Claims

12.     The United States alleges three counts against Regeneron:  Count I is for alleged presentation of false claims in violation of the FCA, 31 U.S.C. § 3729(a)(1)(A); Count II is for alleged false records material to a false or fraudulent claim in violation of the FCA, 31 U.S.C. § 3729(a)(1)(B); Count III is for Unjust Enrichment.  *Regeneron* Compl. ¶¶ 102-112..  In *Regeneron,* the United States seeks treble damages and civil penalties under the FCA, and damages, interests, costs and expenses for unjust enrichment.  *Regeneron* Compl. Prayer for Relief.

13.     The United States alleges the same three counts against Teva, with one additional count for alleged conspiracy to violate the FCA.  *Teva* Compl. ¶¶ 121-136.  The United States seeks the same relief against Teva as it does against Regeneron.  *Teva* Compl. Prayer for Relief.

## Procedural Posture of the Regeneron and Teva Cases

14.     Regeneron filed a Motion to Dismiss on August 24, 2020, which remains pending.  *Regeneron* Dkt. 20, 21.

15.     Teva's deadline for responding to the United States' complaint is October 19, 2020.

## The United States' Cases Against Regeneron and Teva are "Related" within the Meaning of Local Rule 40.1(g)

16.     Local Rule 40.1(g)(3) states that "[t]he clerk shall assign related cases to the same district judge," and that cases are related when "some or all of the parties are the same and if […] the cases involve the same or similar claims or defenses […] or the cases involve substantially the same questions of fact and law."

17.     The United States' case against Teva and its case against Regeneron are "related" within the meaning of Local Rule 41.1(g)(3) because they involve overlapping parties, the same claims and defenses, and substantially the same questions of fact and law:

(a)     Plaintiff is the same in both cases, the United States acting through HHS;

(b)     The core allegations and issues of law are substantially the same, as the United States alleges in each case that Regeneron and Teva, respectively, violated the FCA and AKS by engaging in substantially similar conduct—paying a third-party charitable foundation to cover Medicare co-pays so each defendant could purportedly increase the price of its medicine and otherwise increase and/or maintain sales to Medicare patients;

(c)     One of the charitable foundations at issue is the same, CDF;

(d)     The legal framework of Medicare, FCA and AKS are the same;

(e)     The alleged counts are substantially the same; and

(f)     The requested relief is the same.

18.     Indeed, the complaints in the two matters contain, at times, the same verbatim allegations and explanations of the statutory framework. *Compare Regeneron* Compl. ¶¶ 9, 11, 12, 17-27, 74, 93-96, 102-111 with *Teva* Compl. ¶¶ 9, 14, 15, 36-46, 67, 103-106, 121-28, 133-136.

19.     Although Teva continues to evaluate its options for responding to the United States' complaint, Teva anticipates that any Motion to Dismiss it may file will likely raise many of the same legal arguments set forth in Regeneron's Motion to Dismiss.  Thus, any ruling on

Regeneron's pending Motion to Dismiss may inform a later ruling on those same issues (if the motions are not addressed at the same time by the same judge). Moreover, if the *Regeneron* and *Teva* cases do not proceed before the same judge, there is a greater possibility of inconsistent results and inter-district splits on important legal issues.

20. The United States did not identify its case against Teva as related to its earlier-filed case against Regeneron.

21. Nevertheless, a defendant may file a motion for reassignment pursuant to Local Rule 40.1(i). *See, e.g.*, *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 72 n.2 (1st Cir. 1998) (noting procedure).

22. Local Rule 40.1(i) states that a case may be reassigned "[i]n the interest of justice or to further the efficient performance of the business of the court[.]"

23. Because of the substantial similarities between the *Regeneron* and *Teva* cases, it would be both in the interest of justice and further judicial economy to assign these related cases to the same judge. Doing so would avoid duplication of judicial resources, reduce inconsistent results, and facilitate coordination among the parties.

24. In light of the foregoing, Teva's respectfully requests that the above-captioned matter be reassigned to the Honorable F. Dennis Saylor, IV, who is presiding over the earlier-filed *Regeneron* action.

WHEREFORE, Teva respectfully requests that this Court enter an Order marking this case as "related" to *United States v. Regeneron Pharmaceuticals, Inc.*, No. 1:20-cv-11217 within the meaning of Local Rule 40.1(i) and returning the case to the Clerk of Court for reassignment.


Dated:  September 15, 2020                    Respectfully Submitted,


                                              */s/ Emily Renshaw*_____
                                              Emily Renshaw
                                              Morgan, Lewis & Bockius LLP
                                              One Federal Street
                                              Boston, MA 02110-1726
                                              Tel:  1.617.951.8000
                                              emily.renshaw@morganlewis.com

                                              Eric Sitarchuk (*pro hac vice* pending)
                                              Alison Tanchyk (*pro hac vice* pending)
                                              Rebecca J. Hillyer (*pro hac vice* pending)
                                              William T. McEnroe (*pro hac vice* pending)
                                              Morgan, Lewis & Bockius LLP
                                              1701 Market Street
                                              Philadelphia, PA 19103-2921
                                              Tel:  215.963.5000
                                              eric.sitarchuk@morganlewis.com
                                              alison.tanchyk@morganlewis.com
                                              rebecca.hillyer@morganlewis.com
                                              william.mcenroe@morganlewis.com

## LOCAL RULE 7.1(A)(2) CERTIFICATION
## AND CERTIFICATE OF SERVICE

I, Emily Renshaw, hereby certify that counsel for Defendants conferred with

opposing counsel in an effort to resolve or narrow the issues presented in this motion prior to

filing.

I further certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on September 15,

2020.

*/s/ Emily Renshaw*
Emily Renshaw