# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TEVA PHARMACEUTICALS USA, INC., and TEVA NEUROSCIENCE, INC.,<br><br>        Defendants. | Civil Action No. 20-11548 |

## JOINT MOTION FOR ENTRY OF FEDERAL RULE OF EVIDENCE 502(d) ORDER

Plaintiff, the United States of America ("Plaintiff"), and Defendants Teva Pharmaceuticals USA, Inc., and Teva Neuroscience, Inc. ("Teva") (collectively "the Parties"), by their undersigned counsel, respectfully submit the following Joint Motion for Order under Federal Rule of Evidence 502(d), and state as follows:

1. The Parties have exchanged and are in the process of continuing to exchange voluminous amounts of documents and information in this matter, including documents and information from third parties.

2. The Parties jointly seek the entry of a Rule 502(d) Order to further protect against the waiver of privileged or work-produced protected information, which the Parties believe will facilitate the discovery process.

3. Under Federal Rule of Evidence 502(d), a federal court may order that the attorney–client privilege or attorney work product protection is not waived by a disclosure connected with the litigation pending before the court, and further, that the disclosure also shall not be deemed a waiver in any other federal or state proceeding.

4. Accordingly, the Parties respectfully and jointly request that the Court issue an order under Federal Rule of Evidence 502(d) that, upon written agreement of the Parties, the inadvertent production of material in this action that a producing party claims or thereafter claims to be privileged or protected by the attorney–client privilege or attorney work product protection shall not be deemed a waiver of the attorney–client privilege or work product protection in this action or any other federal or state proceeding. The Parties have included a Proposed Order as **Exhibit A**.

5. Nothing in the Parties' Proposed Order will override any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

6. Entry of the Proposed Order will serve to avoid discovery disputes between the Parties and the accompanying drain on the Parties' and the Court's resources.

WHEREFORE, based on the foregoing, the Parties jointly and respectfully request that the Court grant this Joint Motion and enter the Proposed Stipulated Order under Federal Rule of Evidence 502(d) attached hereto as **Exhibit A**.

## LOCAL RULE 7.1 CERTIFICATION

Undersigned counsel hereby certifies under Local Rules 7.1(a)(2) and 37.1 that counsel for Teva conferred with counsel for Plaintiff to resolve or narrow the issues raised in this Joint Motion.

*/s/ Emily Renshaw*

Emily Renshaw (BBO #675316)

Dated: July 12, 2022

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

RACHAEL S. ROLLINS
United States Attorney

*/s/ Diane C. Seol (with permission)*
ABRAHAM R. GEORGE
EVAN D. PANICH
DIANE C. SEOL
Assistant United States Attorneys
1 Courthouse Way, Ste. 9200
Boston, MA 02210
Phone: (617) 748-3100
abraham.george@usdoj.gov
evan.panich@usdoj.gov
diane.seol@usdoj.gov

JAMIE A. YAVELBERG
ANDY J. MAO
DOUGLAS J. ROSENTHAL
NELSON D. WAGNER
Attorneys, Civil Division
United States Department of Justice
175 N St. NE, Room 9.111
Washington, DC 20002
Phone: (202) 305-2073
douglas.j.rosenthal@usdoj.gov
nelson.wagner2@usdoj.gov

Respectfully Submitted,

TEVA PHARMACEUTICALS USA, INC.
TEVA NEUROSCIENCE, INC.

By its attorneys,

*/s/ Emily Renshaw*
Emily Renshaw (BBO #675316)
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
Tel:  1.617.951.8000
emily.renshaw@morganlewis.com

Eric Sitarchuk (admitted *pro hac vice*)
Alison Tanchyk (admitted *pro hac vice*)
Rebecca J. Hillyer (admitted *pro hac vice*)
William T. McEnroe (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel:  215.963.5000
eric.sitarchuk@morganlewis.com
alison.tanchyk@morganlewis.com
rebecca.hillyer@morganlewis.com
william.mcenroe@morganlewis.com

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TEVA PHARMACEUTICALS USA, INC., and TEVA NEUROSCIENCE, INC.,<br><br>  Defendants. | Civil Action No. 20-11548 |

## [PROPOSED] STIPULATED FEDERAL RULE OF EVIDENCE 502(d) ORDER

Plaintiff, the United States of America ("Plaintiff"), and Defendants Teva Pharmaceuticals USA, Inc., and Teva Neuroscience, Inc. ("Teva") (collectively "the Parties"), have jointly stipulated to the terms of this Stipulated Order under Federal Rule of Evidence 502(d), and with the Court being fully advised as to the same, it is hereby ORDERED:

1. This Order is entered pursuant to Federal Rule of Evidence 502(d), under which a federal court may order that the attorney–client privilege or attorney work product protection is not waived by disclosure connected with the litigation pending before the court, and further, the disclosure shall not be deemed a waiver in any other federal or state proceeding.

2. If a party or subpoenaed non-party (the "Disclosing Party") at any time inadvertently discloses information in connection with the pending litigation that the Disclosing Party has claimed or thereafter claims to be privileged or protected by the attorney–client privilege or attorney work product protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claim of privilege or work product protection that

the Disclosing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter.

3.   Privileged Material covered by this Order shall be identified in writing between the Parties.

4.   The Parties will address clawback requests through the processes set forth in the Stipulated Confidentiality Agreement and Protective Order entered in this action. *See* ECF No. 49-1, Ex. A ¶12.

5.   Nothing in this Order overrides any attorney's ethical responsibility to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6.   This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

7.   The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the disclosure of Privileged Material under this Order.

BY THE COURT:

_____
Hon. Nathaniel M. Gorton
United States District Judge

Dated: