# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., and<br>TEVA NEUROSCIENCE, INC.,<br><br>        Defendants. | Civil Action No. 20-11548<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**LEAVE TO FILE REPLY GRANTED FEBRUARY 28, 2023** |

### TEVA'S REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON TEVA'S MOTION TO COMPEL INTERNAL HHS-OIG COMMUNICATIONS

Teva[1] writes in further support of its Objections to the Court's Order denying Teva's Motion to Compel, and in particular, to address the Government's argument that the Court should rule on Teva's good faith defense as a matter of law. The Government's argument that Teva's interpretation of the 2005 OIG Guidance is unreasonable as a matter of law has not been briefed and is not properly before the Court.

The issue before the Court is whether the Order denying Teva's Motion to Compel is clearly erroneous or contrary to law. As addressed in its opening brief, Teva contends that, among other things, particularly under the broad federal discovery

---

[1] Capitalized terms used herein and not otherwise defined have the meaning set forth in Teva's Objections to Magistrate Judge's Order on Teva's Motion to Compel Internal HHS-OIG Communications (ECF No. 145).

standard, the Order's finding that the Requested Discovery is not relevant to Teva's defenses is contrary to law and clearly erroneous where Teva plead that the Government's claims are barred because: 1) Teva's actions were based upon an objectively reasonable interpretation of the OIG Guidance; and 2) the Guidance was, at best, vague and ambiguous and did not warn Teva away from its interpretation. Answer, ECF No. 39 at 28 ¶ 7; *see also* Fed. R. Civ. P. 26(b)(1).  Notwithstanding the Order's holding that the Requested Discovery is not relevant, the Order finds that other organizations' interpretations of the 2005 OIG Guidance ***are relevant***.  ECF No. 143 ("Order") at 10 (observing that Teva may seek "discovery regarding other drug manufacturers' interpretation of the SABs").

And in what is ultimately a Catch-22, the Order concludes that the "best evidence" of which would be Teva's "own documents and witnesses." *Id.* at 10. Teva agrees with the Order in that regard that Teva's own documents and witnesses would (and do) provide valuable support for its good faith defense.  However, one of Teva's key witnesses has, entirely unforeseen, become unavailable for any future discovery, including deposition, heightening the importance of the Requested Discovery.  *Cf.* ECF No. 147 (denying Teva's Motion to Amend Answer).

For the foregoing reasons and the reasons stated in Teva's February 8, 2023 Objections, Teva respectfully requests that the Court overrule the January 25, 2023 Order and direct the Government to submit the Requested Discovery for an *in camera* review.

Dated: March 6, 2023                    Respectfully Submitted,

                                                        */s/ Emily Renshaw*
Emily Renshaw (BBO #675316)
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
Tel:  1.617.951.8000
emily.renshaw@morganlewis.com

Eric Sitarchuk (admitted *pro hac vice*)
Alison Tanchyk (admitted *pro hac vice*)
Rebecca J. Hillyer (admitted *pro hac vice*)
William T. McEnroe (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel:  215.963.5000
eric.sitarchuk@morganlewis.com
alison.tanchyk@morganlewis.com
rebecca.hillyer@morganlewis.com
william.mcenroe@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record via ECF electronic filing on March 6, 2023.

*/s/ Emily Renshaw*
Emily Renshaw (BBO #675316)
