United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Teva Pharmaceuticals USA, Inc.,<br>and Teva Neuroscience, Inc.,<br><br>　　　　Defendants. | Civil Action No.<br>20-11548-NMG |

**ORDER**

Pending before the Court is the motion of Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (collectively "Teva" or "defendant") to certify for interlocutory appeal the order of this Court entered July 14, 2023 (Docket No. 195) denying Teva's motion for summary judgment and allowing the motion of the United States ("the government" or "plaintiff") for partial summary judgment.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal only if it is satisfied that such an order

> [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the

> order may materially advance the ultimate termination of the litigation . . . .

28 U.S.C. § 1292(b). Teva contends that the causation standard when a plaintiff seeks to prove falsity by relying on the 2010 Amendment to the Anti-Kickback Statute is "a controlling question of law as to which there is substantial ground for difference of opinion," and an immediate appeal may "materially advance the ultimate termination of th[is] litigation." See id. The Court agrees that certification is warranted.

Accordingly, defendant Teva's motion to certify the Court's July 14, 2023 order for interlocutory appeal to the United States Court of Appeals for the First Circuit and stay trial pending resolution of that interlocutory appeal (Docket No. 196) is **ALLOWED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: August 14, 2023